UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM FRIEDMAN, individually and on behalf of all others similarly situated;<br><br>                    Plaintiff,<br><br><br><br>   -v.-<br><br>VIKING CLIENT SERVICES, LLC,<br><br>                    Defendant(s). | Civil Action No: 7:24-cv-9848<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaim Friedman ("Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Viking Client Services, LLC ("Defendant" or "Viking"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ l692(b), 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York in the County of Rockland.

8. Viking is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served with legal process at their registered agent c/o CT Corporation System located at 28 Liberty Street, New York, NY 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Viking sent an initial collection letter attempting to collect a consumer debt;

   c. when the debt amount stated on the collection letter far exceeded actual amount owed by consumer; and

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e,1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

        class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 through 19 with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to December 22, 2023, an obligation was allegedly incurred by Plaintiff to Avis/Budget Car Rental ("Avis").

22. The Avis obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes. Specifically Plaintiff had an agreement to pay Avis for damages resulting from a motor vehicle accident which involved a motor vehicle owned by Avis.

23. The alleged Avis obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Avis is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Upon information and belief, Avis contracted the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violation – December 22, 2024*</u>

27. On or about December 22, 2024, Defendant sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Avis. **See Exhibit A.**

28. The Letter states in relevant part as follows:

You had a Budget rental agreement with Avis Budget Care Rental, account number *****3261, or were involved in an accident with a Avis Budget Car Rental renter.

| | |
|---|---|
| As of 12/20/2023, you owed: | $ 1,070.32 |
| Between 12/20/2023 and today: | |
|     You were charged this amount in interest: | + $0.00 |
|     You were charged this amount in fees: | + $0.00 |
|     You paid or were credited this amount toward the debt: | - $0.00 |
| **Total amount of the debt now:** | **$ 1,070.32** |

*See* Exhibit A.

29. The "total amount due" as stated on the Letter is $1,070.32. *Id.*

30. Although Plaintiff entered into an agreement with Avis to issue payments resulting from a motor vehicle accident, Plaintiff did not owe an amount near $1,070.32.

31. At or around December 22, 2023, Plaintiff's debt to Avis was only three hundred dollars ($300.00) – far below the amount that Defendant attempted to collect from the Plaintiff. *See* Sedgwick Correspondence hereinafter referred to as Exhibit B.

32. The Plaintiff had been making monthly payments to lower the balance as agreed upon, which is not reflected in the debt breakdown on the letter.

33. A debt collector may not collect or attempt to collect a debt that is not valid.

34. Though Plaintiff owed $300.00 to Avis, the Defendant attempted to collect a debt amount that exceeded the actual debt by over 300 percent, which accounted for none of the Plaintiff's prior payments.

35. Defendant Viking is attempting to coerce Plaintiff to pay for a debt amount that is inaccurate and not valid and thus was misrepresenting the character of the debt.

36. Further, it's unfair debt collection practice to attempt to collect a debt amount far in excess of the true debt amount from a consumer.

37. Defendant's false statement confused and misled the Plaintiff and caused the Plaintiff to incur pain and suffering in the form of emotional distress and severe anxiety.

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 thorugh 37 with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10).

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated §1692e :

   a. as the Defendant attempted to collect a debt amount that far exceeded the true debt amount owed by Plaintiff to Avis; and

   b. By making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 though 37 with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f et seq.

46. Pursuant to § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

47. Defendant violated § 1692f:

    a. by attempting to collect a debt amount that far exceeded the true amount owed by Plaintiff to Avis.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1 though 37 with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g et seq.

51. Pursuant to 15 U.S.C. § 1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

52. Defendant violated § 1692g(a):

    a. as the letter falsely represents the true amount and identity of the debt in violation of § 1692g(a)(1).

    b. the breakdown of the debt listed does not account for Plaintiff's prior payments.

53. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaim Friedman, individually and on behalf of all others similarly situated, demands judgment from Viking Client Services, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Rami Salim, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 20, 2024                             Respectfully Submitted,

**Stein Saks, PLLC**

/s/ Rami Salim
By: Rami Salim, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph: 201-282-6500 Ext. 124
F:   201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Chaim Friedman*